IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIMMY SANDERS                                                                         PLAINTIFF

     v.                              CIVIL NO. 10-5223

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jimmy Sanders, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on December 5, 2008,[1] alleging an inability to work since July 1, 2008, due to back and neck problems, arthritis, and vision problems. (Tr. 106-107, 113-115). An administrative hearing was held on April 13, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 20-42).

By written decision dated May 28, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11).

---

[1] The Court notes the ALJ's decision stated that Plaintiff filed his DIB application on March 2, 2009. It appears Plaintiff filed an application for DIB in December of 2008, and March 2009. (Tr. 106, 116).

AO72A
(Rev. 8/82)

Specifically, the ALJ found Plaintiff had the following severe impairments: chronic obstructive pulmonary disease and hypertension. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 20 pounds and frequently 10 pounds. He can sit for 6 hours and can stand/walk for 6 hours. He must avoid concentrated exposure to fumes, odors, dusts, and other pulmonary irritants. He can frequently climb, balance, crawl, kneel, stoop, and crouch.

(Tr. 13). With the help of a vocational expert, the ALJ determined that Plaintiff could perform his past relevant work as a drafting design/engineering draftsman and a convenience clerk. (Tr. 15). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 1, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,9).

**II.     Evidence Presented:**

At the administrative hearing held before the ALJ on April 13, 2010, Plaintiff, who was sixty-one years of age at the time, testified that he obtained a high school education, as well as additional training in mechanical drafting and design. (Tr. 27). Plaintiff testified that he worked full-time for forty years in mechanical drafting but was laid off from that job. (Tr. 28). Plaintiff testified that after he was laid off, he moved to Arkansas, and obtained work at a convenience store working as a cashier and stocker.

The medical evidence dated prior to the relevant time period reveals Plaintiff was treated for hypertension, respiratory problems and a skin infection of the right ring finger. (Tr. 211, 222, 233, 271).

The medical evidence during the relevant time period reflects the following. On March 31, 2009, Plaintiff underwent a consultative general physical examination performed by Dr. C.R. Magness. (Tr. 251). Plaintiff complained of vision problems, back and neck pain and problems with hypertension. Plaintiff also reported that he was not taking his medication for his hypertension as prescribed. Upon examination, Dr. Magness noted that Plaintiff had 20/20 corrected vision in both eyes. Plaintiff was noted to have a decreased range of motion in his neck and some decreased range of motion in his extremities. On a grade of one to five, Dr. Magness noted Plaintiff's muscle weakness in his extremities was a three. Plaintiff had no muscle atrophy and Plaintiff's gait and coordination were "ok." Upon a limb function evaluation, Dr. Magness reported Plaintiff was able to hold a pen and write; to touch fingertips to palm; to grip 80% on the right and 90% on the left; to oppose thumb to fingers; to pick up a coin; to stand and walk without assistive devices; to walk on heel and toes; and to squat and arise from a squatting position. Dr. Magness diagnosed Plaintiff with chronic obstructive pulmonary disease, cervical degenerative disc disease, osteoarthritis and a vision impairment. Dr. Magness opined that Plaintiff had moderate to severe limitations with lifting, carrying and walking; and that Plaintiff had moderate limitations in standing. (Tr. 265).

On May 1, 2009, Plaintiff underwent pre- and post-bronchodilator studies that revealed normal large airway function with mild to moderate obstructive defects in smaller airway function. (Tr. 258-262). Dr. Jon A Sexton noted that a slight bronchodilator response was seen.

On May 8, 2009, Dr. Jerry Thomas completed a case analysis, which included the general physical examination notes, as well as the pulmonary studies. (Tr. 263). Dr. Thomas noted that Plaintiff did not have a "long record of [prescriptions] for [his] allegations," that Plaintiff had "essentially normal" pulmonary studies; and that Plaintiff's activities of daily living were not "especially limited." Dr. Thomas opined that Plaintiff's impairments were non-severe. After reviewing the evidence of record, Dr. Crow affirmed Dr. Thomas's findings on July 1, 2009. (Tr. 268).

The record also contains a discharge record from Washington Regional Medical Center dated January 5, 2010, detailing Plaintiff's medications. (Tr. 276).

### III. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

-4-

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**IV.   Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled. Defendant argues substantial evidence supports the ALJ's determination.

AO72A
(Rev. 8/82)

### A. Subjective Complaints and Credibility Analysis:

With regard to Plaintiff's subjective complaints, the ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties, that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly evaluated Plaintiff's subjective complaints. Although Plaintiff contends that his impairments were disabling, the evidence of record does not support this conclusion.

With regard to Plaintiff's alleged vision impairment, the ALJ pointed out that the record reveals Dr. Magness observed that Plaintiff had 20/20 corrected vision in both eyes, with normal confrontational fields, and that Plaintiff wore reading glasses. The ALJ found that while Dr. Magness diagnosed Plaintiff with a vision impairment, Dr. Magness did not note any limitations with regard to Plaintiff's ability to perform basic work activities. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff does not have a disabling visual impairment.

With regard to Plaintiff's alleged depression, the ALJ pointed out that the medical record failed to show Plaintiff sought treatment from a mental health professional or that Plaintiff had been diagnosed with a mental or emotional disorder. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). It is also noteworthy that Plaintiff did not allege depression when he applied for benefits. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed). Based on the record as a whole, the Court finds substantial evidence of record to support the ALJ's determination that Plaintiff does not have a disabling mental impairment.

With regard to Plaintiff's respiratory impairment, the ALJ noted that in March of 2009, Dr. Magness noted Plaintiff's lungs had an increased diameter and prolonged expiration. The ALJ pointed out that while Dr. Magness diagnosed Plaintiff with chronic obstructive pulmonary disease, Dr. Magness did not find Plaintiff had any limitations due to this impairment. The ALJ also pointed out that pulmonary studies performed in May of 2009, revealed Plaintiff had normal large airway function with mild to moderate obstructive defects in smaller airway function. The ALJ further noted that the medical evidence revealed that despite continued recommendations to cease smoking, Plaintiff continued to smoke. Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (ALJ appropriately considered claimant's failure to stop smoking when making credibility determinations). Based on the evidence as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff does not have a disabling respiratory impairment.

AO72A
(Rev. 8/82)

With regard to Plaintiff's cardiovascular impairment, the ALJ found that while Plaintiff had been diagnosed with hypertension, the record reflected that when Plaintiff took his medication as prescribed, his hypertension was controlled. Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.")(citations omitted). The ALJ also noted that the record revealed that when Plaintiff did seek treatment for dizziness associated with his hypertension, Plaintiff's treating physician and the emergency room physicians all noted that Plaintiff had been non-compliant with his medication. Plaintiff even reported to Dr. Magness during his consultative examination that he had not been taking his hypertension medication as prescribed. Based on the evidence of record, the Court finds substantial evidence to support the ALJ determination that Plaintiff does not have a disabling cardiovascular impairment.

While Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record also showed that while Plaintiff indicated he could not afford to seek treatment, he was able to find the funds to support his smoking habit.

Plaintiff's subjective complaints are also inconsistent with evidence regarding his daily activities. In a Function report dated March 13, 2009, Plaintiff reported that he spent his day eating, walking, working in the yard and garden, and watching television. (Tr. 164). With the exception of having some difficulty bending over to tie his shoes, Plaintiff indicated that he had no problems with taking care of his personal needs. Plaintiff reported he was able to prepare

simple meals, to do both indoor and outdoor housework, to drive and do errands, and to fish as often as he was able. This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. Cruze v. Chater, 85 F.3d 1320, 1324 (8th Cir.1996) (the ability to mow the lawn, care for animals, shop, do odd jobs and visit town tends to prove claimant was able to work).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. RFC Assessment:

We next turn to the ALJ's assessment of Plaintiff's RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.

AO72A
(Rev. 8/82)

Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. In making this determination, the ALJ found that Dr. Magness's findings that Plaintiff was moderately to severely limited with his ability to lift, carry, walk and stand were inconsistent with his narrative report of Plaintiff's capabilities. Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole); Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (finding ALJ correctly discounted a physician's assessment report when his treatment notes contradicted the report). In finding Plaintiff could do light work, the ALJ also noted the opinions of two non-examining medical consultants who opined that based on Plaintiff's lack of treatment, Plaintiff's essentially normal pulmonary studies and Plaintiff's activities of daily living, that Plaintiff had non-severe impairments. It is also noteworthy that Plaintiff reported at the administrative hearing in April of 2010, that he could lift up to fifty pounds, but not for two to three hours in one day. (Tr. 33-34). Therefore, based on all of the evidence contained in the reocrd, the Court finds substantial evidence supporting the ALJ's RFC determination.

**C.    Hypothetical Question to the Vocational Expert:**

Finally, the Court believes substantial evidence supports the ALJ's conclusion that Plaintiff could perform his past relevant work as a drafting design/engineering draftsman and a convenience store clerk during the relevant time period. According to the Commissioner's

interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; or
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. § 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61). The Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Long v. Chater, 108 F.3d 185, 188 (8th Cir. 1997); Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, the Court finds that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff is not disabled as he was able to perform his past relevant work during the relevant time period. See Pickney, 96 F.3d at 296 (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## V.   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of February 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE